**IN THE COURT OF APPEALS OF IOWA**

No. 14-1667
Filed December 10, 2014

**IN THE INTEREST OF D.M.,**
**Minor Child,**

**D.M., Father,**
    Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Susan F. Flaherty,

Associate Juvenile Judge.


        A father appeals from the order terminating his parental rights.

**AFFIRMED.**


        Joan M. Black, Iowa City, for appellant father.

        Eric Nelson, Cedar Rapids, for mother.

        Thomas J. Miller, Attorney General, Janet Hoffman, Assistant Attorney

General, Jerry Vander Sanden, County Attorney, and William Croghan, Assistant

County Attorney, for appellee State.

        Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, for

minor child.


        Considered by Mullins, P.J., Bower, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

A father appeals the termination of his parental rights to his child. He contends the State failed to prove the grounds for termination by clear and convincing evidence. He also contends termination is not in the child's best interests and would be detrimental to the child due to the closeness of the parent-child relationship. We review these claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child was born in March 2004. The Iowa Department of Human Services filed a petition to adjudicate the child in need of assistance (CINA) in March 2012 due to the mother's heroin use, and the child was removed from the mother's care in May of 2012. At the time, the father was incarcerated in Louisiana on a charge of possession of firearms as a felon. However, he maintained regular contact with the child by telephone, sent the child gifts, and provided the mother with financial support. He was released on parole in June 2013 and will remain on parole until January 2016.

Following hearings held in 2013 and 2014, the juvenile court terminated the father's parental rights to the child pursuant to Iowa Code sections 232.116(1)(b) and (f) (2013).[1] We find clear and convincing evidence supports termination under section 232.116(1)(f) (allowing termination where the child is at least four years of age, was adjudicated CINA and removed from parent's custody twelve months, and cannot be returned to the parent's custody). Although the father argues the child can be returned to his care because he has

---

[1] The mother's parental rights to the child were also terminated, but the termination of her rights is not before us in this appeal.

been released from prison, is employed, and has suitable housing for the child, we echo the concerns stated by the juvenile court in its termination order: the father has a "significant criminal history," which includes a conviction for murder for which he was incarcerated from 1985 until 2002; he was incarcerated "for a significant part" of the child's life; the State of Louisiana's refusal to approve the child's placement with the father because of his criminal history; and there is a founded report of child sexual abuse against the child's half-sibling with the father as the perpetrator. Because the child could not be safely returned to the father's care at the time of the termination hearing, the grounds for termination under section 232.116(1)(f) have been met.

We also find termination is in the child's best interests. In making this determination, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The child is in a foster home with a half sibling and is doing well. The father's criminal history has limited his contact with the child and prevents the child from being returned to his care. The situation is unlikely to change in the near future. While the father may one day be able to safely parent the child, we will not ask the child to continuously wait for the father to assume the parenting role. *See In re D.W.,* 791 N.W.2d 703, 707 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.,* 778 N.W.2d 33, 41 (Iowa 2010).

Finally, we find the exception to termination found in section 232.116(3)(c) does not apply. While the child views the father in a positive light and enjoys the father's attention, a finding termination would be detrimental to the child is not supported by the record. *See* Iowa Code § 232.116(3)(c) (providing an exception to termination where "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). Accordingly, we affirm.

**AFFIRMED.**